IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ADAMS,

     Plaintiff,                    No. 2:08-cv-1986-JFM (PC)

     vs.

GOVERNOR G. DAVIS, et al.,

     Defendants.            ORDER

_____/

     Plaintiff is a former state prisoner on parole proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on August 25, 2008.[1] On October 14, 2008, plaintiff filed a signed consent to have a United States Magistrate Judge conduct all proceedings in this case. See 28 U.S.C. 636(c). No other parties have appeared in the action nor, for the reasons set forth in this order, will the court order service of process on any defendant. On January 8, 2009, plaintiff filed an amended complaint as of right. See Fed. R. Civ. P. 15(a).

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Pursuant to this court's November 7, 2008, plaintiff's attorney in his federal habeas corpus action, see infra, was served with a copy of plaintiff's original complaint.

§ 1915A(a). This requirement includes complaints such as this one which have been filed by persons, now free or on parole, who were in custody at the time relevant to their complaint. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

1  /////

2  Plaintiff seeks money damages in the amount of $300.00 per day for alleged
3  wrongful incarceration from 2003 to 2008, which represents the period from 2003, when then-
4  California Governor Gray Davis reversed a decision of the California Board of Prison Terms
5  (BPT) to grant plaintiff a parole date, until plaintiff was released on parole pursuant to a grant of
6  federal habeas corpus relief.  See Adams v. Schwartz, No. 2:05-cv-2237-JAM-JFM (HC).[2]
7  Plaintiff names three defendants in his amended complaint, former Governor Gray Davis and
8  BPT Commissioners Lawin and R. Lopez.

9  Parole officials are entitled to absolute immunity from liability for money
10 damages based on actions taken in connection with processing parole applications.  See Sellars v.
11 Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981).  That
12 immunity extends to a governor's parole decisions.  See Miller v. Davis, 521 F.3d 1142 (9th Cir.
13 2008).  The court is required to dismiss claims for money damages from defendants who are
14 immune from such relief.  See 28 U.S.C. § 1915A.

15 Plaintiff also seeks injunctive relief, apparently in the form of an order releasing
16 him from parole.  The question of plaintiff's custodial status was resolved in his federal petition
17 for writ of habeas corpus and is not cognizable in this civil rights action.

18 By this action, plaintiff seeks money damages from defendants who are immune
19 from such relief and injunctive relief which is not available in this action.  The action must
20 therefore dismissed.  See 28 U.S.C. § 1915(e)(2)(ii) and (iii).

21 For all of the foregoing reasons, IT IS HEREBY ORDERED that:

22 1. This action is dismissed.  See 28 U.S.C. § 1915(e)(2)(ii) and (iii).

23 /////
24 /////

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   2. The Clerk of the Court is directed to send a copy of this order to Marylou
Hillberg, Attorney at Law, P.O. Box 1879, Sebastapol, CA 95473.

DATED: February 18, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12 adam1986.o